**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Easton Murray,<br>Claudius Murray<br><br>           Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.,<br><br>           Defendants. | No. CV-22-00360-TUC-RM<br><br>Consolidated with: CV-22-00361-TUC-RM<br><br>**ORDER** |

Plaintiffs Easton and Claudius Murray filed this now-consolidated civil rights action on August 15, 2022. (Doc. 1 in CV-22-360 and CV-22-361.)[1] Prior to the consolidation of CV-22-360 and CV-22-361, Defendants Pima County, former Pima County Attorney Barbara LaWall ("LaWall"), the Pima County Attorney's Office, and Deputy County Attorney Chris Ward ("Ward") (collectively, "County Defendants") filed a Motion to Dismiss and a Motion to Substitute Party in each case. (Docs. 13, 14 in CV-22-360 and CV-22-361.) The Court granted the Motion to Substitute Party in CV-22-360 (Doc. 17), and Plaintiff Easton Murray filed a Motion for Reconsideration (Doc. 21). As of the date of consolidation, County Defendants' Motions to Dismiss remained pending in each case, the Motion to Substitute remained pending in CV-22-361, and the Motion for Reconsideration remained pending in CV-22-360.[2] The Court resolves below the

---

[1] All record citations refer to the docket and page numbers generated by the Court's electronic filing system and, unless otherwise noted, refer to the docket in CV-22-360.
[2] Motions to Dismiss filed by Defendants State of Arizona, Assistant Attorney General Amy Thorson, and retired Criminal Appellate Section Chief Counsel Joseph Maziarz also

Motion to Substitute and Motion for Reconsideration. The Motions to Dismiss will be resolved separately.[3]

## I.     Legal Standard

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (a motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") Whether to grant reconsideration is within the sound discretion of the trial court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

If a party sued in an official capacity resigns "or otherwise ceases to hold office while the action is pending, . . . [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). All later proceedings "should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded." *Id.*

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotation marks omitted). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law" and "the only immunities available" to an official-capacity defendant "are those that the governmental entity possesses." *Id.* (internal quotation marks omitted). On the other hand, individual-

---

remained pending in each case as of the date of consolidation. (Doc. 22 in CV-22-360 and CV-22-361.)
[3] The Court will deny County Defendants' request (Doc. 34) to defer ruling on the Motion for Reconsideration.

capacity suits "seek to impose individual liability upon a government officer for actions taken under color of law." *Id.* The plaintiff "need not establish a connection to governmental policy or custom," and the official sued "may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id.*

## II.  Discussion

In the pending Motion to Substitute Party in CV-22-361, County Defendants ask the Court to substitute as a defendant current Pima County Attorney Laura Conover ("Conover") in place of LaWall. (Doc. 14 in CV-22-361.) County Defendants argue that substitution is proper pursuant to Federal Rule of Civil Procedure 25(d) because "Barbara LaWall was sued in her official capacity as the former Pima County Attorney and Plaintiff's allegations against Ms. LaWall all involve official-capacity acts as the head prosecutor in Pima County." (*Id.* at 3.) In opposition, Plaintiff Claudius Murray argues that the Complaint makes clear that all defendants are sued in both their official and individual capacities, and the claims against LaWall involve her own "actions and conduct" rather than those "of the office of the county attorney." (Doc. 16 in CV-22-361.) In reply, County Defendants argue that LaWall was sued in her official capacity—and therefore substitution is automatic under Rule 25(d)—because the Complaint repeatedly references LaWall's status as an elected official. (Doc. 17 in CV-22-361.)

The parties filed substantively identical briefs in CV-22-360 (Docs. 14, 15, 16), and the Court granted the Motion to Substitute, finding in a footnote that Plaintiff's claims against LaWall "strictly involve duties performed in an official capacity" (Doc. 17 at 1 n.1). In the Motion for Reconsideration filed in CV-22-360, Plaintiff Easton Murray argues that this Court erred in substituting Conover for LaWall under Rule 25(d) for two reasons: (1) Rule 25(d) is inapplicable because this action was filed after LaWall vacated office as the Pima County Attorney; and (2) Plaintiff sued LaWall for monetary damages in her individual capacity. (Doc. 21.) In response, County Defendants argue that Plaintiff's official-capacity claims proceed against Conover pursuant to Rule 25(d), even if this action was filed after LaWall left office, as any misnomer not affecting the parties'

substantial rights must be disregarded. (Doc. 34.) County Defendants also ask the Court to defer ruling on Plaintiff's Motion for Reconsideration to the extent the Court has any doubts regarding whether Plaintiff sued LaWall in her individual capacity, as the Court's resolution of County Defendants' pending Motion to Dismiss may moot the issue. (*Id.* at 3.)

Because Rule 25(d) specifies that misnomers not affecting parties' substantial rights "must be disregarded," substitution of Conover for LaWall with respect to Plaintiffs' official-capacity claims is appropriate even though this action was filed after LaWall ceased to hold the office of Pima County Attorney. Accordingly, the Court will deny Plaintiff Easton Murray's Motion for Reconsideration to the extent it argues that substitution of Conover for LaWall was inappropriate with respect to the official-capacity claims. The Court will also grant the Motion to Substitute Party pending in CV-22-361 with respect to Plaintiff Claudius Murray's official-capacity claims against LaWall.

The Court will reconsider its Order granting County Defendants' Motion to Substitute in CV-22-360 to the extent the Order dismissed LaWall entirely as a defendant in that case. Substitution of Conover for LaWall is not permitted under Rule 25(d) with respect to claims asserted against LaWall in her individual capacity, and the Court erred in finding that Plaintiffs assert only official-capacity claims against LaWall. Plaintiffs specify in their Complaints that LaWall is sued in both her individual and official capacities, and Plaintiffs seek money damages from LaWall based on actions she purportedly took under color of state law. (Doc. 1 in CV-22-360 and CV-22-361.)[4] For example, Plaintiffs assert that LaWall decided not to test or investigate evidence and decided to offer an individual named Carr immunity and assistance in securing a delay in deportation proceedings. (Doc. 1 at 4, 7.) Plaintiffs also allege that LaWall conspired with Defendant Ward to violate Plaintiffs' civil rights. (*Id.* at 7, 12.) In County Defendants' pending Motions to Dismiss, LaWall asserts personal immunity defenses—including absolute prosecutorial immunity and qualified immunity—that are only

---

[4] The Complaints in CV-22-360 and CV-22-361 are substantively identical.

available with respect to individual-capacity claims. (Doc. 13 in CV-22-360 and CV-22-361.) In arguing that substitution is proper under Rule 25(d), Defendants point out that Plaintiffs' Complaints alleges acts taken in LaWall's capacity as the Pima County Attorney. (Docs. 14, 16 in CV-22-360; Docs. 14, 17 in CV-22-361.) However, individual-capacity claims under 42 U.S.C. § 1983 must allege actions taken under color of state law; the fact that the Complaints allege actions taken in LaWall's capacity as Pima County Attorney does not mean the Complaints allege only official-capacity claims.

Accordingly, the Court will partially grant Plaintiff Easton Murray's Motion for Reconsideration in CV-22-360 and will reinstate LaWall as a defendant with respect to Easton Murray's individual-capacity claims. The Court will grant County Defendants' Motion to Substitute in CV-22-361 with respect to Plaintiff Claudius Murray's official-capacity claims but will deny the Motion to Substitute with respect to the individual-capacity claims.

### III. Pending Motions to Dismiss

The Motions to Dismiss pending in CV-22-361 are substantively identical to those pending in CV-22-360. Because CV-22-360 and CV-22-361 have been consolidated, the Court will resolve the Motions to Dismiss in CV-22-360 and will direct the Clerk of Court to term the Motions in CV-22-361.

**IT IS ORDERED** that the County Defendants' Motion to Defer Ruling (Doc. 34 in CV-22-360) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff Easton Murray's Motion for Reconsideration (Doc. 21 in CV-22-360) is **partially granted and partially denied**. Barbara LaWall is reinstated as a defendant with respect to Plaintiff Easton Murray's individual-capacity claims against her. The Motion for Reconsideration is otherwise denied.

**IT IS FURTHER ORDERED** that County Defendants' Motion to Substitute Party (Doc. 14 in CV-22-361) is **partially granted and partially denied**. Laura Conover is substituted as a defendant in place of Barbara LaWall with respect to Plaintiff

Claudius Murray's official-capacity claims against LaWall. However, the Motion to Substitute is denied with respect to Plaintiff Claudius Murray's individual-capacity claims against LaWall.

**IT IS FURTHER ORDERED** that the Clerk of Court shall term the pending Motions to Dismiss in CV-22-361 (Docs. 13 and 22 in CV-22-361), as those Motions will be resolved in CV-22-360 now that the actions have been consolidated. The Clerk of Court is directed to close CV-22-361.

Dated this 4th day of April, 2023.

_____
Honorable Rosemary Márquez
United States District Judge